```
             UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT
```

Stephen Bain,                       :
      Plaintiff,                    :
                                    :
      v.                            :     File No. 1:06-CV-231
                                    :
Robert Hofmann, Vermont             :
Department of Corrections,          :
      Defendants.                   :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5, 6, 8, 12 and 14)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, claiming that he was wrongfully excluded from a prison work camp on the basis of a perceived disability.  Bain alleges that, as a result of this exclusion, he was denied the opportunity to earn extra good time credits against his sentence.

Several motions are currently pending before the Court, including the defendants' motion to dismiss.  In their motion, the defendants note that Bain has brought a nearly identical action in the form of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Bain v. Hofmann, File No. 2:06-CV-59).  For reasons set forth below, the Court should find that because Bain's complaint, if successful, would necessarily impact the

length of his sentence, his sole remedy is under the habeas corpus statute.  Consequently, Bain's instant action should be DISMISSED without prejudice.

### Factual Background

For the purpose of the pending motion to dismiss, the facts alleged in the complaint will be accepted as true.  In August, 1998, Bain pleaded guilty in state court to several crimes.  He was subsequently sentenced to one to ten years in prison, with a recommendation that he serve his sentence at a work camp.  Bain claims that work camp participants are eligible to earn good time credits "on a day for day basis.  This means that an inmate who successfully participates in the program will have his term of imprisonment cut in half."

On September 1, 1998, Bain reported to a facility in Woodstock to begin serving his sentence.  Pursuant to a transport order dated September 9, 1998, he was removed from the work camp because of a pre-existing back condition.  Despite his perceived disability, he was returned to the work camp on October 20, 1998.  In December, 1998, he was again removed from the work camp due to his disability.

Bain claims that his removal from the work camp violated the American with Disabilities Act. He also complains that if he been allowed to earn good time credits at the work camp, he would have been released from prison in September, 2006. Bain further informs the Court that in October, 2005, he was tried and sentenced in state court to five to ten years in prison, with credit for time served. For relief, Bain is seeking immediate release from prison.

## Discussion

Bain asks the Court "[t]o issue a temporary and permanent injunction ordering Defendant to give him good time credit [that] Petitioner would have earned had Defendant not violated the Americans with Disabilities Act."[1] In <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), the Supreme Court established that habeas corpus is the exclusive remedy for a prisoner seeking an early release. <u>Preiser</u> dealt with state prisoners who had been deprived of good-time credits as a result of internal

---

[1] Bain also asks for an order requiring treatment of his "chronic pain." His complaint, however, provides few facts about his current care, and no information about the treatment he desires. The Court is aware of at least two other pending actions concerning Bain's medical care while in prison. <u>See</u> File Nos. 1:06-CV-168 and 1:06-CV-222. Accordingly, I recommend that the instant claim for medical treatment be DISMISSED without prejudice.

3

disciplinary proceedings.  The Supreme Court held that the prisoners could not bring their action under § 1983 because when a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  411 U.S. at 500.

The Supreme Court has recently reiterated the principle set forth in Preiser: "Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks the very duration of . . . physical confinement, and thus lies at the core of habeas corpus."  Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).  Moreover, and specific to the facts of this case, courts have determined that when a claim under the Americans with Disabilities Act challenges the duration of confinement, a prisoner's sole remedy is a writ of habeas corpus.  See Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999); Huskins v. Beard, 200 WL 2223307, at *9 (E.D. Pa. Oct. 1, 2004).

4

Here, Bain claims that he was denied an opportunity to earn good time credit in violation of his rights under the ADA.  He seeks a retrospective award of all credit he should have been allowed, and immediate release.[2]  Because Bain's claims, if successful, would impact the duration of his confinement, his remedy lies in his habeas corpus petition and not a § 1983 action.  As noted above, Bain currently has a petition for habeas corpus on this same issue pending before the Court.

In keeping with the Supreme Court precedents cited above, I recommend that this case be DISMISSED without prejudice while the Court proceeds with Bain's parallel petition for writ of habeas corpus.  I further recommend that all other pending motions be DENIED as moot.  See Goodwin v. Hammock, 502 F. Supp. 756, 759 (S.D.N.Y. 1981).

## Conclusion

For the reasons set forth above, I recommend that

---

[2] Perhaps because Bain is seeking immediate release, his complaint does not request any form of prospective injunctive relief.  Bain does request such relief in his motion for a preliminary injunction.  The Court expresses no opinion as to whether such a claim, if included in the complaint, would be cognizable under § 1983.  If my recommendation to dismiss without prejudice is adopted by the Court, and depending upon the Court's determination with respect to the legal merits of Bain's habeas corpus petition, Bain may be able to bring such a claim in the future.

the defendant's motion to dismiss (Paper 14) be GRANTED, that all other pending motions (Papers 5, 6, 8 and 12) be DENIED as moot, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 12th day of July, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).